UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RUTH MYERS,**

        Plaintiff,          Case No. 6:15-cv-01123-YY

    v.          **OPINION AND ORDER**

**COMMISSIONER OF SOCIAL
SECURITY ADMINSTRATION,**

        Defendant.

**YOU, Magistrate Judge:**

    Plaintiff, Ruth Myers ("Myers"), seeks to reverse and remand the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under titles II and IX of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with F.R.C.P. 73 and 28 U.S.C. § 636(c) (docket #10).

    Because the Commissioner's decision is supported by substantial evidence, it is affirmed.

## ADMINISTRATIVE HISTORY

Myers filed applications for DIB and SSI on March 5, 2012, alleging a disability beginning February 1, 2012, due to obesity, depression, back problems, anxiety, headaches, fibromyalgia, and HBP. Tr. 22, 262.[1] After the Commissioner denied her applications initially and upon reconsideration Myers requested a hearing, which was held on November 19, 2013. Tr. 19, 162-63, 38-85. On February 28, 2014, the Administrative Law Judge ("ALJ") issued a decision finding Myers not disabled. Tr. 16-32. The Appeals Council denied Myers's subsequent request for review on April 23, 2015. Tr. 1-4. Therefore, the ALJ's decision is the Commissioner's final decision subject to review by this court. 20 C.F.R. §§ 404.981, 422.210.

## BACKGROUND

Born in November, 1953, Myers was 58 years old on the alleged onset date. Tr. 258. She has a high school education and completed four years of college. Tr. 263. Myers has past work experience as an administrative specialist and care provider. Tr. 24, 263, 268.

## ALJ'S FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

---

[1] Citations are to the page(s) indicated in the official transcript of the record filed on November 18, 2015 (docket #17).

Page 2 – OPINION AND ORDER

At step one, the ALJ found that Myers had not engaged in substantial gainful activity after the alleged onset date. Tr. 21. At step two, the ALJ found that Myers has the severe impairments of morbid obesity, fibromyalgia, chronic lower extremity edema/chronic venous insufficiency, and lumbago. Tr. 22. At step three, the ALJ found Myers did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 23.

The ALJ next assessed Myers's RFC and determined that she could perform sedentary work with the following limitations: she cannot climb ladders/ropes/scaffolds; she can occasionally climb stairs/ramps; she can occasionally kneel, crouch, and crawl; she can frequently stoop; she cannot have even moderate exposure to workplace hazards such as unprotected heights, dangerous, moving machinery, etc.; and she must be allowed to elevate one and/or both legs to approximately 12 inches off the ground when seated. Tr. 24.

At step four, the ALJ found Myers could perform her past relevant work as a receptionist. Tr. 30. In the alternative, the ALJ determined Myers could perform jobs that exist in significant numbers in the national economy, including telephone solicitor. Tr. 31. The ALJ therefore concluded Myers is not disabled. Tr. 32.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The reviewing court may not substitute its judgment for that of the Commissioner. *Ryan v. Comm'r*

*of Soc. Sec. Admin.*, 528 F.3d 1194, 1205 (9th Cir. 2008), citing *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "'supported by inferences reasonably drawn from the record.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008), quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Lingenfelter*, 504 F.3d at 1035.

## DISCUSSION

Myers argues that the ALJ erred at steps two, four, and five.

**I.    Step Two**

Myers first argues the ALJ erred at step two by omitting her mental impairments from the list of her "severe" impairments.[2] At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Step two findings must be based upon medical evidence. 20 C.F.R. §§ 404.1520(a), 416.920(a). An impairment is "not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities." *Id.* "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two." *Harrison v. Astrue*, 2011 WL 2619504, at *7 (D. Or. July 1, 2011), citing *Lewis*, 498 F.3d at 911.

The ALJ resolved step two in Myers's favor; therefore, any omission is harmless if the ALJ considered the effect of Myers's mental impairments in subsequent steps of the disability evaluation. In a written decision, the ALJ found that Myers's only medically determinable mental impairment was major depression with anxiety. Tr. 22. The ALJ found this impairment

---

[2] On page 10 of her brief, Myers also appears to allege that the ALJ omitted a rotator cuff tear from the RFC finding, but she makes no further mention of this issue. As the court can find no evidence of this alleged impairment, it will not be discussed further.

Page 4 – OPINION AND ORDER

to be non-severe based on the medical record, which showed that "plaintiff engaged in no meaningful treatment for mental health complaints, aside from requesting periodic refills of Prozac." *Id.* The ALJ also noted that Myers's depression and anxiety were effectively managed with medication. Myers's hearing testimony alleged fatigue and inability to focus, but she attributed these complaints to her physical limitations. Tr. 23.

Myers began treatment for depression in 2009. Tr. 352. She was prescribed Prozac, and treatment notes reveal that medication was effective in improving her mood and affect. *See, e.g.*, Tr. 350 (treatment note stating that Myers's "mood is good on 10 mg of Prozac, and she would like to continue at that dose"). The ALJ may draw inferences about the severity of an impairment based on the degree of treatment the claimant sought. *Flaten v. Sec'y of Health*, 44 F.3d 1453, 1464 (9th Cir. 1995). Here, the ALJ acknowledged that Myers's depression was controlled with Prozac and did not manifest in symptoms severe enough to cause Myers to seek further treatment. Tr. 23, 401. On this record, it was reasonable for the ALJ to infer that Myers's mental impairment was not severe.

Myers argues that the ALJ's omission of her mental impairments at step two caused further error because the ALJ omitted limitations caused by her mental impairments from the RFC. As evidence of these limitations, Myers cites the following record evidence: First, Dr. James Hylton, M.D., referred Myers for a mental health intake appointment for anxiety, social anxiety, and depression in 2012. Tr. 398. Second, Peter Schur, Ph.D., performed a psychological evaluation in 2013 and assessed Myers's GAF score at 55, indicating moderate limitations caused by mental impairments. Tr. 426. Dr. Schur also diagnosed major depression with anxiety. *Id.* Finally, nurse practitioner Kathleen Arbunkle, FNP, opined that Myers would have poor pace and concentration due to pain. Tr. 338-39.

Page 5 – OPINION AND ORDER

The ALJ, however, rejected evidence in the record that would substantiate any mental limitations over and above those included in the RFC. Specifically, the ALJ gave little weight to Ms. Arbuckle's opinion (Tr. 30) and found Myers's subjective symptom reports – which formed the basis of her GAF score – to be not credible. Tr. 28. As Myers does not contest the ALJ's credibility finding or evaluation of the medical record, the court finds no harmful error resulting in the ALJ's step two analysis. The ALJ formulated Myers's RFC based on the evidence in the record determined to be credible, and considered the effects of Myers's credible symptoms and limitations at steps four and five. In sum, the ALJ properly considered all of Myers's mental limitations at every subsequent step in the disability analysis; therefore, any error of omission at step two was harmless. *Lewis*, 498 F.3d at 911.

## II.    Steps Four and Five

Myers argues that the ALJ erred at steps four and five by finding that Myers could perform her past relevant work and finding in the alternative that Myers could perform work as a telephone solicitor. Because the ALJ's step five finding that Myers could work as a telephone solicitor was sufficient to establish that Myers is not disabled, any error at step four was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (the court will not reverse an ALJ's decision for errors that are inconsequential to the ultimate nondisability determination) (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008).

At step five, the burden shifts to the Commissioner to "show that, taking into account a claimant's age, education, and vocational background, she can perform any substantial gainful work in the national economy." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(f) and 416.920(f). "There are two ways for the Commissioner to meet his

Step Five burden: (1) the testimony of a VE; or (2) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001), citing *Tackett v. Apfel*, 180 F.3d 1094, 1100–01 (9th Cir.1999).  Here, the ALJ based the step five findings on the VE's testimony and grid Rules 201.07 and 201.00(f).  Tr. 32.  At the administrative hearing, VE Jacklyn Benson-Dehaan testified that Myers's past work as a receptionist utilized skills transferable to the position of telephone solicitor.  Tr. 77-78.  The VE stated that Myers's transferable skills included "customer service, verbal/written communication skills, multitasking, computer skills, [and] time management."  Tr. 80.  She further explained that telephone solicitors generally use headsets and are able to elevate their feet.  Tr. 78-79.

Myers contends that the single occupation of receptionist does not constitute a "significant range of skilled or semiskilled work" for the purposes of the grid Rule under *Lounsburry v. Barnhart*, and is therefore an insufficient basis for the ALJ's step five finding.  468 F.3d 1111 (9th Cir. 2006).  In *Lounsburry*, the court found that a single occupation did not constitute a significant range of work for the purpose of determining whether a claimant of advanced age could perform light work under grid Rule 202.07.  *Id*. at 1116-17.  In *Tommasetti*, however, the Ninth Circuit declined to extend the *Lounsburry* rule - that a single occupation is insufficient to meet the "significant range" language for the purposes of determining if a claimant is able to perform light work under Rule 202.07 - to grid Rule 201.07, which concerns sedentary work.  *Tommasetti*, 533 F.3d 1035, 1043-44 (9th Cir. 2008) (upholding a step five finding based on a claimant's transferable skills from one occupation).  Because the ALJ's step five conclusion in the instant case was based on grid Rule 201.07, the rule in *Lounsburry* does not apply.  *Id.*  Following *Tommasetti*, the court therefore finds that Myers's list of transferable

Page 7 – OPINION AND ORDER

skills from the single occupation of receptionist was a sufficient basis for the ALJ's step five reasoning.

Myers next argues that the ALJ erred in finding that she learned skills in her past work as a receptionist that are readily transferable to the job of telephone solicitor. She contends that the Dictionary of Occupational Titles ("DOT") definitions of telephone solicitor, receptionist, and general clerk show that significant vocational adjustment is required to transfer the skills of a receptionist or general clerk to the job of telephone solicitor and therefore could not be performed by a claimant of advanced age like herself. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.00(f); SSR 82-41.

This argument lacks merit. The Regulations provide that transferability of skills "means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." SSR 82-14, 1982 WL 31389 at *2. Where occupational skills "have universal applicability across industry lines, e.g., clerical, professional, administrative, or managerial types of jobs, transferability of skills to industries differing from past work experience can usually be accomplished with very little, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's RFC." *Id.* at *6.

Here, Myers's past work as a receptionist conferred the type of universally applicable skills requiring little vocational adjustment noted in the Regulations. Further, the ALJ based the step five findings on the VE's testimony regarding Myers's ability to perform work in the national economy. Tr. 30. The ALJ is entitled to rely on the VE or other specialist if there is an issue in determining whether a claimant's work skills can be used in other work. 20 C.F.R. §§ 404.1566(d)-(e), 416.966(d)-(e). At the administrative hearing, the ALJ asked the VE whether

Page 8 – OPINION AND ORDER

"there would be transferable skills from [Myers's] past work into [Myers's RFC] that would not require significant vocational readjustment." Tr. 75-76. The VE answered in the affirmative, identified the occupation of telephone solicitor, and described Myers's transferable skills that applied to this work. Tr. 77-80. The ALJ was entitled to conclude based on the VE's testimony that Myers retained the ability to perform work that exists in the national economy. 20 C.F.R. §§ 404.1566(e), 416.966(e). The ALJ's step five findings are affirmed.

## **ORDER**

For the reasons discussed above, the Commissioner's decision that Myers is not disabled is affirmed.

DATED this 3rd day of August, 2016.

s/Youlee Yim You
Youlee Yim You
United States Magistrate Judge

Page 9 – OPINION AND ORDER